IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CECILIA GOUVEIA,                                Civ. No. 05-1102-HO

        Plaintiff,                       ORDER

  v.

JAMES SEARS, TERESA VANDUSEN,
and MARION COUNTY, OREGON,

        Defendants.

Introduction

    For her second claim for relief under 42 U.S.C. § 1983, plaintiff alleges, inter alia, that defendants violated her rights of privacy and/or association in terminating her employment because of her relationship with a co-worker. Complaint, ¶¶ 20-21. Plaintiff seeks damages and a "declaratory injunction." Id. She sues the individual defendants in their individual and official capacities. Id., ¶ 9. Plaintiff filed a motion for partial summary judgment, including a declaration that the individual defendants violated her privacy and association

rights.

Whether defendants improperly applied Marion County's written or alleged unwritten nepotism policies to plaintiff depends on disputed issues of material fact. Moreover, it is not clear on this record that misapplication of either policy necessarily entitles plaintiff to judgment as a matter of law. Plaintiff's motion for partial summary judgment is therefore denied.

## Undisputed Facts

Marion County employed plaintiff as a communications technician beginning in June 2000. Plaintiff belonged to a union consisting of non-management and non-supervisory county employees. Virgil Hamm worked in the Communications Department at all material times, and lived with plaintiff since September 2003. Hamm worked as a Communications Supervisor until after September, 2002, when his position was reclassified as "Electronics Technician 2 - Communications." Hamm joined plaintiff's union after his position was reclassified.

The job description for Electronics Technician 2 states, "Supervision of other employees is not a responsibility of positions in this classification; however, [sic] acts as lead worker over assigned personnel in the Electronics Technician classification series." Gunn Depo., ex. 4. An employee in this position may be required to prioritize and schedule work requests

2 - ORDER

in the absence of the Fleet Shop Supervisor, and to lead and direct the work of technicians engaged in installation, maintenance, testing and repair of communications equipment. Id.

In May 2004, plaintiff and Hamm requested time off together. Plaintiff's supervisor, Robert Taber, testified that plaintiff and Hamm told him they were going to get married. Taber Depo. at 13:18-24. Marion County employee relations manager Thomas Gunn testified that he first became aware of plaintiff shortly after plaintiff and Hamm announced to Taber that "they wanted to take time off to go on their honeymoon because they were going to get married." Gunn Depo. at 13:14-17. Taber further testified that "having both of them gone in a three-person shop is a little tough," and Taber wasn't sure whether plaintiff and Hamm could be married and continue to work together without violating personnel rules. Taber Depo. at 15-16. Taber referred the question to superiors.

Marion County's nepotism policy provides,

> Appointing powers shall not make or approve the employment, appointment, promotion, or transfer of an eligible candidate or employee to a position in which the duties of such candidate or employee would be subject to or responsible for the supervision or review of a person related as closely as first cousin, whether the relationship is by blood or through marriage, and shall include the cases of husbands of sisters-in-law and wives of brothers-in-law. After the operative date of these Rules, any eligible candidate or employee employed, appointed, promoted or transferred to a position in violation of this rule shall be immediately terminated from the position.

3 - ORDER

Gunn Depo. ex. 7, Article 14, Sec. 5.

No county policy addresses whether two union employees in the same department may have a romantic relationship or live together.

Taber testified that "lead people" provide him with input for performance evaluations, and that "[t]hey have . . . input into how they are technically on their job." Taber Depo. at 15:13-16. Marion County Personnel Officer Gayle Horton testified that she was told that at the time of plaintiff's termination, Hamm "was directing all overtime." Horton Depo. at 40:8-9. Horton could not say which person in the Human Resources Department told her this information. Id. at 40:11-12.

Plaintiff and Hamm state in affidavits that they each provided only general input regarding the other's evaluation, and that they provided no more input than any other department employees. Hamm states that he did not monitor or track plaintiff's performance and did not direct or approve overtime.

Plaintiff's relationship with Hamm never interfered with the quality and quantity of their work, and there were no complaints about plaintiff and Hamm.

Marion County allowed married or co-habitating couples to work in the same department without penalty if neither partner had supervisory authority over the other.

Marion County had no authority to restrict plaintiff and

4 - ORDER

Hamm from serving as union representatives for each other in any matter of discipline or unfair treatment.

Horton concluded that plaintiff and Hamm's relationship violated the nepotism policy, and that if plaintiff could not be reassigned, she would have to be terminated.  On July 15, 2004, the county terminated plaintiff's employment.

The letter notice of termination contains the following information: "It has come to Marion County's attention that [plaintiff is] living as domestic partners with, and engaged to be married to" a lead worker in her section of public works; the nepotism policy provides that Marion County shall not approve the employment of "an employee whose work is supervised or reviewed by a spouse in the capacity as a lead worker with significant input on evaluations and direction over daily work[;]" and "Any employee employed in violation of this rule shall be immediately terminated from the position."  Pl's ex. 21.

The letter notice of termination further provides,

> Marion County Personnel Rules, Article 14, also incorporates the ethical standards for public employees . . . found in [Oregon Revised Statutes] Chapter 244. "Spouses" are covered by the definition of relative in ORS 244.020(16).  In addition, ORS 244.040(1)(a) prohibits public employees from using their position or office to obtain financial gain or avoidance of financial detriment that would not otherwise be available but for the public employee's holding of the position or office.  Marion County has applied this section of Article 14 in previous situations to prohibit domestic partners (both opposite sex and same sex couples) from positions where employees would be subject to or responsible for the supervision or review

5 - ORDER

>       of the other.  A person in such a position could use it
>       to obtain financial gain or avoid financial detriment
>       to themselves directly or through the household income
>       by actions such as preferential opportunities for over
>       time or training, evaluations or merit raises, or
>       overlooking other rule violations or disciplinary
>       matters.  A violation of this provision of the
>       Personnel Rules is grounds for discipline up to and
>       including termination.

<u>Id</u>.  The letter further states that pursuant to a personnel rule and collective bargaining agreements, the employee with the least seniority must be terminated.  <u>Id</u>.  The letter is signed by James Sears, Director of Public Works.  <u>Id</u>.

<u>Discussion</u>

Summary Judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

Plaintiff contends that defendants violated her rights to privacy and association by terminating her employment for her co-habitation with Hamm.  She contends she did not violate the written nepotism policy because Hamm was not her supervisor and she was unmarried at the time of her termination, Marion County has no written policy prohibiting co-habitating, non-supervisory employees from working in the same department, and (inconsistently) this policy is illegal, in part because Marion County provided no notice of the policy, and the policy may be applied on an ad hoc basis.

>       Whether called a right to intimate association . . . or
>       a right to privacy . . ., the point is similar:

6 - ORDER

> "choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme."

<u>Flaskamp v Dearborn Public Schools</u>, 385 F.3d 935, 942 (6th Cir. 2004) (quoting <u>Roberts v. United States Jaycees</u>, 468 U.S. 609, 617-18 (1984)).

Defendants point to evidence that only Sears had decision-making authority over plaintiff's employment. Horton Depo. at 34:1-12. Plaintiff therefore is not entitled to judgment as a matter of law against VanDusen, as her role in plaintiff's termination is a disputed fact.

Marion County's written nepotism policy and it's alleged unwritten policy of prohibiting lead workers from working in the same department with co-habitants or persons with whom the lead workers are romantically involved do not directly and substantially interfere with the rights of non-supervisory employees to intimate associations. See <u>Flaskamp</u>, 385 F.3d at 943. Marion County's policies are therefore reviewed under the rational basis standard. <u>Id</u>.

The extent to which Hamm directed or had the authority to direct plaintiff's work is a matter of disputed facts. At this stage of the litigation, the court cannot say as a matter of law that Hamm was plaintiff's supervisor within the meaning of the nepotism policy.

7 - ORDER

Regardless of whether Hamm was plaintiff's supervisor within the meaning of a nepotism policy, the court cannot say that misapplication of the policy necessarily violates plaintiff's rights to privacy and/or intimate associations. Plaintiff's authority, Thorne v. City of El Segundo, 726 F.2d 459, 470 (9th Cir. 1983), and this court's opinion in Hietala v. City of Albany, Civ. No. 98-172-HO (Order dated September 25, 2000), is distinguishable. Both cases involved municipal employers questioning an employee about the employee's sexual life and relationships in the absence of a nepotism policy. The record in the case before the court does not establish that Marion County intruded into such private areas in the absence of a policy.

To the extent plaintiff contends that county policy is invalid for permitting unfettered discretion and ad hoc decision-making, the court notes that the Eighth Circuit has held that a nepotism policy regarding spouses was not impermissibly vague as applied to unmarried co-habitants living in an espoused relationship in a state that does not recognize common law marriages. Espinoza v. Thoma, 580 F.2d 346, 349 (8th Cir. 1978). Although plaintiff may find some support for her contention in this court's Hietala opinion, that case, as noted, is distinguished by its facts. See Hietala, Civ. No. 98-172-HO (Order dated September 25, 2000 at 4). Plaintiff is not entitled on this record to summary judgment on this basis.

8 - ORDER

Defendants produced evidence that Marion County's nepotism policy assists in avoiding the appearance of impropriety and favoritism, and minimizes the risk of violations of Bureau of Labor and Industry prohibitions on supervisor-subordinate relationships and statutory ethics requirements for public employees. Gunn Depo. ex. 5 (attached to Lurtz Decl.). The court cannot say at this stage that the interests identified by the county are not legitimate, or that a county policy applied to plaintiff is not rationally calculated to advance those interests. See Flaskamp, 385 F.3d at 943-44. Plaintiff may have established that defendants prematurely applied their written nepotism policy in terminating her employment, as she was apparently unmarried at the time of her termination. This showing does not entitle her to summary judgment on her constitutional claims, however.

## Conclusion

Based on the foregoing, plaintiff's motion for partial summary judgment [#15] is denied.

IT IS SO ORDERED.

DATED this 6th day of October, 2006.

*Michael R. Hogan*
United States District Judge

9 - ORDER