IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CECILIA GOUVEIA,                                    Civ. No. 05-1102-HO

               Plaintiff,                      ORDER

    v.

JAMES SEARS, TERESA VANDUSEN,
and MARION COUNTY, OREGON,

               Defendants.


    Plaintiff filed a document entitled "PLAINTIFF'S COSTS AND
ATTORNEY FEES," and supporting documents.  The court construes
the document as a motion for attorney fees, and, together with
the first two pages of counsel's affidavit, as the bill of costs
contemplated by LR 54.1(a)(1).  Defendants filed a response
objecting to the amount of the attorney fee award and costs
requested by plaintiff.

<u>Attorney Fees</u>

    At trial, the court granted defendants' motion for directed
verdict on plaintiff's Section 1983 claim against Theresa

VanDusen.  The jury further found in favor of Marion County on
plaintiff's claim of sex discrimination in violation of Title
VII.  Plaintiff prevailed on her Section 1983 claims against
Marion County and James Sears.  The jury found Marion County
liable for $46,198.40 in lost earnings, and found Sears liable
for $25,000 in punitive damages.  Plaintiff seeks $41,273.50 in
attorney fees, based on a rate of $230 per hour and 179.45 hours
of attorney time expended.

　　　The court may allow the prevailing party a reasonable
attorney's fee as part of the costs.  42 U.S.C. § 1988(b).  There
are no special circumstances in this case that would render
recovery of an attorney's fee unjust.  Plaintiff is therefore
entitled to an award of a reasonable attorney's fee.  <u>Ballen v.
City of Redmond</u>, 466 F.3d 736, 746 (9th Cir. 2006).  The
"lodestar" method is customarily used to determine a permissible
amount of attorneys' fees under Section 1988.  <u>Id</u>.  Under
lodestar method, a reasonable fee award is determined by
multiplying the number of hours reasonably expended on the
litigation by a reasonable hourly rate.  <u>Id</u>.  The parties agree
that counsel's hourly rate of $230 is reasonable.

　　　Citing to an unauthenticated and seemingly privileged[1]
document,[2] defendants argue that the number of hours claimed to

---

[1]LR 16.4(e)(1), (g)(1) & (2).

[2]Defendants' Resp., ex. 1.

2 - ORDER

have been expended by plaintiff's counsel is unreasonable, and that a range of 80 to 92 hours is reasonable.  Defendants further argue that the court should reduce the lodestar amount to account for plaintiff's limited success at trial.  Defendants correctly note that plaintiff's claims are related, plaintiff's sex discrimination claim lacked merit, plaintiff lost her motion for partial summary judgment, and it should have been apparent early in the case that the evidence was insufficient to sustain a verdict against VanDusen.

Plaintiff claims one hour of attorney time expended on October 8, 2006, for "read and review decision on SJ."  This is an unreasonable amount of time to spend reading and reviewing the double-spaced, nine-page summary judgment order.  One half hour is a reasonable amount of time for this task.  With this exception, the overall number of hours claimed to have been expended is supported by the competent evidence, and is reasonable in light of plaintiff's limited success, notwithstanding that the sex discrimination claim lacked merit, plaintiff lost her motion for partial summary judgment and the evidence could not sustain a verdict against VanDusen.  In calculating the lodestar, the court will disallow one half hour of claimed attorney time.  The lodestar calculation follows.

$230/hr * 178.95 hrs = $41,158.50.

<u>Costs</u>

3 - ORDER

> Before any bill of costs is taxed, the party claiming
> any item of cost or disbursement shall attach thereto
> an affidavit, made by himself or by his duly authorized
> attorney or agent having knowledge of the facts, that
> such item is correct and has been necessarily incurred
> in the case and that the services for which fees have
> been charged were actually and necessarily performed.

28 U.S.C. § 1924.  Plaintiff's counsel states in his affidavit

that "[t]he above costs . . . were compiled by me after a review

of my records and documents and are accurate to the best of my

ability."  Stark Aff. at 9, ¶ 2.  There is no affidavit that

items of costs "[have] been necessarily incurred in the case and

that services for which fees have been charged were actually and

necessarily performed."  Plaintiff's "bill of costs" is

disallowed.  28 U.S.C. § 1924; LR 54.1(a).

<u>Conclusion</u>

Based on the foregoing, "PLAINTIFF'S COSTS AND ATTORNEY

FEES" [#56], construed as a motion for attorney fees and,

together with the first two pages of counsel's affidavit, as a

bill of costs, is granted in part, denied in part, and disallowed

in part.  Cynthia Gouveia shall recover from Marion County and

James Spears $41,158.50 in attorney fees.

IT IS SO ORDERED.

DATED this __29th__ day of April, 2008.


                              ___s/ Michael R. Hogan_____
                              United States District Judge


4 - ORDER